**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 17-4187**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MELVIN ANTONIO EUGENE MAXWELL,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:16-cr-00285-NCT-1)

Submitted: September 29, 2017                  Decided: October 5, 2017

Before DIAZ, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. McClellan, IVEY, MCCLELLAN, GATTON & SIEGMUND, LLP, Greensboro, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melvin Maxwell pleaded guilty to possession of a firearm by a convicted felon and received a 67-month term of imprisonment. Maxwell's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but raising for the court's consideration whether the court complied with Fed. R. Crim. P. 11 and whether the sentence is reasonable.[*] Maxwell did not file a pro se supplemental brief and the Government did not file a brief. After a careful review of the record, we affirm.

Defense counsel questions the validity of Maxwell's guilty plea, but ultimately determines that there was no error in accepting Maxwell's plea. Prior to accepting a guilty plea, the trial court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the defendant's plea was voluntary, was supported by a sufficient

---

[*] This violation of federal law also served as the basis for a petition for revocation of supervised release, which the court conducted at the sentencing proceeding for the felon in possession of a firearm offense. Any reference to supervised release in the *Anders* brief, including whether the court erred in imposing a supervised release violation sentence consecutive to the felon in possession of a firearm offense sentence, was outside the scope of judgment appealed. The notice of appeal specifically referred to the judgment entered in 1:16-cr-00285-NCT-1 only. In any event, we discern no error in the district court's decisions to revoke Maxwell's supervised release and impose a 22-month sentence to run consecutively to the substantive offense at issue in the appeal.

2

factual basis, and did not result from force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2), (3); *DeFusco*, 949 F.2d at 119-20. Because Maxwell did not move to withdraw his guilty plea in the district court or otherwise preserve any allegation of Rule 11 error, the plea colloquy is reviewed for plain error. *United States v. General*, 278 F.3d 389, 393 (4th Cir. 2002). Our review of Maxwell's guilty plea hearing transcript reveals that the district court substantially complied with the requirements under Rule 11. Thus, his guilty plea was knowing and voluntary.

Turning to Maxwell's sentence, we review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We first determine whether the district court committed significant procedural error, such as incorrect calculation of the Sentencing Guidelines range, inadequate consideration of the 18 U.S.C. § 3553(a) (2012) sentencing factors, or insufficient explanation of the sentence imposed. *United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014). We consider a sentence within or below the Guidelines range to be presumptively reasonable on appeal. *United States v. White*, 850 F.3d 667, 674 (4th Cir.), *cert. denied*, 137 S. Ct. 2252 (2017); *United States v. Susi*, 674 F.3d 278, 289 (4th Cir. 2012). The presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We have reviewed the record and conclude that Maxwell's sentence is reasonable. Maxwell does not identify any procedural error by the district court, and we discern no such error. Maxwell also fails to rebut the presumption that his sentence is substantively

3

reasonable. The district court properly considered the parties' sentencing arguments and provided a reasoned explanation for the sentence, with specific consideration of the § 3553(a) factors. The district court imposed a reasonable sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Maxwell's conviction and sentence. This court requires that counsel inform Maxwell, in writing, of the right to petition the Supreme Court of the United States for further review. If Maxwell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Maxwell. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*